### HARVEY L. KIMBALL vs. JEREMIAH B. BRADFORD.

The vendor of a house agreed in writing with the purchaser to "secure a supply of well water," to do certain work and pay certain charges upon the house. *Held*, that he could not show that at the same interview at which this agreement was delivered, and immediately after its delivery, the purchaser orally agreed to discharge him from this agreement upon his putting into the house a proper apparatus to conduct water from a certain aqueduct.

ACTION OF CONTRACT on this agreement: " This is to certify that, having this day sold to Harvey L. Kimball a house on Canal Street, I on my part am to buy and put up a marble chimney piece, worth sixteen dollars, in the front room, make the floors tight and front doorway, to lath and plaster the cellar, and secure a supply of well water, to pay the interest on mortgage, and on eight hundred and ninety dollars paid for the house, and vacate the house the first of April next. Witness my hand this the twentieth day of January, eighteen hundred and fifty three. J. B. Bradford."

Trial in the court of common pleas, before *Mellen*, C. J., who signed this bill of exceptions :

" At the trial the defendant offered to show that at the time the written paper sued on was made and delivered, after the same was delivered, and right upon the delivery, the plaintiff orally agreed with the defendant to discharge him from all obligation thereon and cancel the paper whenever the defendant would put a proper apparatus into the house named in the agreement for conducting water from an aqueduct in Oak Street, into which aqueduct the defendant had a right to insert pipes. To this evidence the plaintiff objected, and it was excluded by the court. A verdict was rendered for the plaintiff. The defendant thereupon excepted."

*J. Q. A. Griffin*, for the defendant. The agreement sued upon might be settled and discharged by an oral agreement. The testimony offered and excluded was to show such settlement and discharge, after the agreement had been fully completed,

though before the parties separated; and not to vary the terms of the instrument. *Cummings* v. *Arnold*, 3 Met. 489. *Richardson* v. *Hooper*, 13 Pick. 446.

*M. G. Cobb*, for the plaintiff, cited 1 Greenl. Ev. § 275; Chit. Con. (8th Amer. ed.) 101; *Warren* v. *Wheeler*, 8 Met. 97; *Stackpole* v. *Arnold*, 11 Mass. 31; *Hunt* v. *Adams*, 7 Mass. 518; *Trustees in Hanson* v. *Stetson*, 5 Pick. 506; *Spring* v. *Lovett*, 11 Pick. 417; *Goodell* v. *Smith*, 9 Cush. 592.

BY THE COURT. The written agreement must be taken to be the complete expression of the intent of the parties. The oral evidence offered went to show that at the same interview, immediately after the delivery of the writing, and as part of the same transaction, the parties agreed upon a substitute for one of its terms. It was therefore rightly rejected.

*Exceptions overruled.*